IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY G. JOST,<br><br>Defendants. | **8:26-CR-46**<br><br>**MEMORANDUM AND ORDER ON MOTION IN LIMINE** |

The United States has charged the defendant with one count of possession with intent to distribute five grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B). Filing 1 (Indictment). This matter is before the Court on the Government's October 28, 2026, Motion in Limine to Admit Evidence of Prior Drug Convictions, Filing 25, which requests admission of the defendant's prior convictions under Federal Rule of Evidence 404(b). Specifically, the Government seeks admission of the defendant's 2013 conviction in the First Judicial Circuit, County of Yankton, South Dakota, for "Possession of a Controlled Substance, to wit: Methamphetamine" and the defendant's 2019 conviction in the County Court of Cedar County, Nebraska, for attempted "possess[ion] [of] a controlled substance other than marijuana, namely, methamphetamine." Filing 25; Filing 25-1 at 1 (2013 Judgment of Conviction); Filing 25-2 at 1 (2019 Journal Entry and Order); Filing 25-3 (2019 Amended Complaint). The defendant filed an Objection to Government's Motion in Limine on November 10, 2026. Filing 38 (Objection).

Under Federal Rule of Evidence 404(b), evidence of a defendant's prior crimes is not admissible solely to prove the defendant's propensity to commit the charged offense, but may be admissible for another purpose, "such as proving motive, opportunity, intent, preparation, plan,

knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)–(2). Evidence of prior crimes is admissible if "(1) it is relevant to a material issue, (2) it is similar in kind and not overly remote in time to the charged offense, (3) it is supported by sufficient evidence, and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Shelledy*, 961 F.3d 1014, 1022 (8th Cir. 2020) (quoting *United States v. Ellis*, 817 F.3d 570, 579 (8th Cir. 2016)).

The defendant's prior convictions are for possession and attempted possession of methamphetamine. Filing 25-1; Filing 25-2; Filing 25-3. The Government argues that these convictions are admissible to show intent and knowledge. Filing 25 at 2. Principally, the defendant argues that the convictions should not be admitted because there is no legitimate non-propensity purpose for the proposed evidence, saying the Government invites the jury "to reason that because Jost possessed methamphetamine previously, he is the sort of person who would possess methamphetamine again and therefore must have dropped the baggie." Filing 38 at 4.

Prior drug convictions can be used to show a defendant's knowledge and intent in a drug-distribution case when the defendant makes a general denial or "mere presence" defense. *See United States v. Harry*, 930 F.3d 1000, 1006 (8th Cir. 2019) ("When a defendant raises the issue of mental state, whether by a 'mere presence' defense that specifically challenges the mental element of the government's case or by means of a general denial that forces the government to prove every element of its case, prior bad acts evidence is admissible because mental state is a material issue." (quoting *United States v. Thomas*, 58 F.3d 1318, 1322 (8th Cir. 1995))). A conviction for the possession of a controlled substance is relevant to a defendant's knowledge and intent to commit a drug-distribution offense. *See United States v. Escobar*, 909 F.3d 228, 243 (8th Cir. 2018) (noting that it is "settled" in the Eighth Circuit that the past possession of "user-

quantities of a controlled substance" is relevant "to show knowledge and intent to commit a current charge of conspiracy to distribute drugs"); *United States v. Jackson*, 278 F.3d 769, 771 (8th Cir. 2002) (holding that evidence of prior drug possession is admissible to show knowledge and intent of a defendant "charged with a crime in which intent to distribute drugs is an element").

Here, the Court concludes that the prior convictions involving possession or attempted possession of methamphetamine are admissible to prove knowledge and intent in this case charging the defendant with possession with intent to distribute five grams or more of methamphetamine (actual). Filing 1; *see Escobar*, 909 F.3d at 243; *Jackson*, 278 F.3d at 771. The convictions are similar to the crimes charged in this case as they both involved methamphetamine. *See Shelledy*, 961 F.3d at 1022 (noting, while holding that prior drug offenses were properly admitted under Rule 404(b), that the same drug was at issue in both the prior convictions and the charged offense). The fact that the 2019 conviction was for attempted possession does not pose a barrier to admission. *See United States v. Warren*, 951 F.3d 946, 952 (8th Cir. 2020) (saying a conviction for "attempted unlawful possession with intent to deliver a controlled substance" was admissible to prove knowledge and intent). Additionally, the fact that convictions are related to possession offenses rather than distribution offenses does not favor exclusion. The Eighth Circuit has explained that it is "settled" law that past possession of "user-quantities of a controlled substance" is relevant "to show knowledge and intent to commit a charge [relating to distribution]." *See Escobar*, 909 F.3d at 243; *see also Jackson*, 278 F.3d at 771 (holding that evidence of prior drug possession is admissible to show knowledge and intent of a defendant "charged with a crime in which intent to distribute drugs is an element"). The convictions are also not overly remote in time. Filing 25-1 (concerning a 13 year old conviction); Filing 25-2 (concerning a seven year old conviction); *United States v. Strong*, 415 F.3d 902, 905 (8th Cir.

2005) ("While we have 'upheld the introduction of evidence relating to acts or crimes which occurred 13 years prior to the conduct challenged,' *United States v. McCarthy*, 97 F.3d 1562, 1573 (8th Cir.1996) (citation omitted), we have 'been reluctant to go beyond [that] 13–year time frame.'"). Finally, the probative value of admitting the prior convictions is not substantially outweighed by the potential prejudice to the defendant, given the prior convictions' similarity to the charged offense, their ability to prove knowledge and intent, and the fact that they are not overly remote in time.

Each of the factors that courts consider under *Shelledy* is met. *United States v. Shelledy*, 961 F.3d 1014, 1022 (8th Cir. 2020) (saying evidence of prior crimes is admissible if "(1) it is relevant to a material issue, (2) it is similar in kind and not overly remote in time to the charged offense, (3) it is supported by sufficient evidence, and (4) its potential prejudice does not substantially outweigh its probative value"). The Government's motion is therefore granted, and the defendant's objection is overruled. The defendant has not sought a limiting instruction to give to the jury before admitting the evidence of the prior convictions. The defendant may do so, and the substance of any limiting instruction will be determined at a conference discussing jury instructions. Accordingly,

IT IS ORDERED:

1. The Government's Motion in Limine, Filing 25, is granted; and
2. The defendant's Objection, Filing 38, is overruled.

Dated this 13th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge